# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3367

_____

| | | |
|---|---|---|
| World Wide Manufacturing, Inc., | * | |
| | * | |
| Petitioner, | * | Petition for Review from |
| | * | Secretary of Labor, |
| v. | * | Occupational Safety and |
| | * | Health Review Commission |
| Secretary of Labor; Occupational | * | |
| Safety and Health Review Commission, | * | [UNPUBLISHED] |
| | * | |
| Respondents. | * | |

_____

Submitted: November 12, 2001

Filed: December 6, 2001

_____

Before WOLLMAN, Chief Judge, BOWMAN and STAHL,[1] Circuit Judges.

_____

PER CURIAM.

World Wide Manufacturing, Inc. (World Wide), petitions for review of a decision of the Occupational Safety and Health Review Commission (the Commission) on an Occupational Safety and Health Administration (OSHA) citation issued by the Secretary of Labor (the Secretary) to World Wide. The Commission found that World Wide willfully violated the Occupational Safety and Health Act of

_____

[1]The Honorable Norman H. Stahl, United States Circuit Judge for the First Circuit, sitting by designation.

1970, 29 U.S.C. §§ 651-78 (1994), and assessed penalties for those violations in the total amount of $53,800.

We have carefully considered the briefs and the record. In response to World Wide's arguments for reversal, we conclude that substantial evidence supports the Commission's findings that World Wide committed willful OSHA violations. In addition, we are satisfied the Administrative Law Judge (ALJ) did not abuse his discretion by granting the Secretary's motion to amend the citation to allege that World Wide's OSHA violations were willful. We also are satisfied that in the circumstances of this case the penalties assessed by the Commission should be sustained. Though this Court, were it sitting as the Commission, might be inclined to accept the substantially lower penalties assessed by the ALJ, on this record we cannot say that the Commission abused its discretion by assessing higher penalties.

The decision of the Commission is affirmed. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.